**MUSSER, Plaintiff-Appellant, v. NEW YORK CENTRAL SYSTEM, a Corporation, Defendant-Appellee.**

Ohio Appeals, Fifth District, Fairfield County.

No. 295.   Decided September 25, 1957.

Judson C. Kistler, Lancaster, for plaintiff-appellant.

Silbaugh & Reed, Lancaster, Meyer, Johnson & Kincaid, Zanesville, for defendant-appellee.

## OPINION

By McCLINTOCK, PJ.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Fairfield County. I will refer to the parties in this opinion as they were designated in the Court below, to-wit: Musser, plaintiff, and New York Central System, a corporation, defendant.

On the 17th day of August, 1954 the plaintiff filed a petition in the Court of Common Pleas of Fairfield County, praying for an injunction and for money judgment in the amount of $350,000.00, and costs of this suit. Summons of service was duly issued upon said petition by the Clerk of Courts of Fairfield County, served by the Sherfiff of Fairfield County.

The defendant did not file an answer for a considerable time, and on the 9th day of May, 1956 the plaintiff moved the Court for judgment on the pleadings. On the 15th day of March, 1957, the Court overruled the motion of the plaintiff for judgment on the pleadings, and granted the defendant thirty days additional time in which to plead to plaintiff's petition, and the defendant thereafter filed its answer.

Thereafter the plaintiff appealed to this Court on questions of law, claiming that the Court erred in overruling the motion of the plaintiff for judgment on the pleadings, and the defendant filed a motion to dismiss the appeal, which the Court below sustained.

On this question we cite **O. Jur. 2nd, Section 49, Page 623**:

"Order on Motion for Judgment on Pleadings. A motion for judgment on the pleadings is in the nature of a general demurrer and presents only questions of law, and appeal may not be taken from the overruling of such motion unless the pleader stands on the motion and permits judgment to be entered against him."

Also, **Meyer v. Daniel, 147 Oh St 27, on Page 28**:

"The Court of Appeals, adhering to a former pronouncement in **J. & F. Harig Co. v. City of Cincinnati, 61 Oh Ap 314, 22 N. E. (2d), 540**, sustained the motion and dismissed the appeal for the reason that "the overruling of a motion for judgment on the pleadings is not a final order constituting a predicate for appeal to the Court of Appeals." The judges of such court, finding the judgment, upon which they had agreed, to be in conflict with the judgment of the Court of Appeals for Mahoning County in **Marietta v. Nichol, 72 Oh Ap 387, 52 N. E. (2d), 647**, certified the record to this court for review."

"BY THE COURT: We are in accord with the Court of Appeals in its conclusion that the overruling of a motion for judgment on the pleadings is not a final order upon which an appeal may be predicated."

Sec. 2309.27 R. C., is as follows:

"Excepting averments as to value or the amount of damage, for the purposes of an action, every material allegation of a petition not controverted by the answer, and every material allegation of new matter in an answer not controverted by the reply, shall be taken as true. New matter alleged in a reply shall be deemed controverted by the adverse party as upon a denial or avoidance as the case requires."

Also, §2323.11 R. C., is as follows:

"In the determination of any cause, if the taking of an account, proof of a fact, or the assessment of damages is necessary, the court may take the account, hear the proof, or assess the damages, or refer the case to a referee or master for such purpose, or direct the matter to be ascertained by a jury, as the action requires."

Both of the above sections of the Code provide in substance that before any judgment may be rendered, proof of the damages must be presented to the court.

The third syllabus of **Streeton v. Roehm, 38 Oh St 240** or **83 Oh Ap 148,** reads as follows:

"It is within the discretion of the trial judge to require proof before entering a judgment against a defaulting defendant."

In conclusion, for the reasons herein stated, the Court of Common Pleas properly overruled the motion for judgment on the pleadings and in so doing did not abuse his discretion, and the appeal of the plaintiff is dismissed.

PUTNAM and McLAUGHLIN, JJ, concur.