FARMERS & MERCHANTS STATE &
SAVINGS BANK, APPELLEE, *v.*
RAYMOND G. BARR ENTERPRISES, INC.,
APPELLANT.

(No. 81 CA 1—Decided March 9, 1982.)

*Mr. D. Dean Evans,* for appellee.
*Mr. Ronald R. Calhoun,* for appellant.

STEPHENSON, J. This is an appeal from a default judgment entered by the Gallia County Court of Common Pleas in favor of the Farmers and Merchants State and Savings Bank, Montpelier, Ohio, plaintiff below and appellee herein, and against Raymond G. Barr Enterprises, Inc., Gallipolis, Ohio, defendant below and appellant herein. The following errors are assigned:

"I. The Court erred by failing to allow defendant to file an answer.

"II. The Court erred when it entered judgment without requiring the plaintiff to produce evidence."

On September 29, 1980, appellee filed a complaint in the court below seeking to recover the sum of $17,273.04 and interest due on a promissory note in the face amount of $25,000, the complaint averring the note had been executed through appellant's president and was in default. A copy of the note was attached to the complaint. Service of summons was made by certified mail on or about October 1, 1980.

On November 21, 1980, appellee filed a motion for a default judgment averring, *inter alia,* that appellant "has failed to answer or otherwise defend as to the complaint of the plaintiff." On February 24, 1981, appellee's counsel served upon appellant a notice, and filed the same, that a hearing on the default judgment motion was set for March 13, 1981.[1]

On March 11, 1981, appellant filed a motion to file an answer. At the previously scheduled hearing on March 13, 1981, at which counsel for the parties appeared, the court overruled the motion to file an answer, accepted an affidavit as to the amount due on the note and entered judgment in accordance with the prayer of the complaint.

Civ. R. 6 (B), in the part here pertinent, reads as follows:

"When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the *failure to act was the result of excusable neglect;* * * *" (Emphasis added.)

Nowhere by motion, memorandum or argument does appellant advance a reason for failing to file an answer that would constitute "excusable neglect." In-

---

[1] Although appellee gave notice of the hearing on the motion for default judgment, appellant was not entitled to notice as of right since appellant had not "appeared" in the action. Civ. R. 55 (A).

deed, the record is to the contrary to the existence of such. The transcript of proceedings reflects the following:

"MR. CALHOUN: So I don't know what occurred before that, but I did tender an answer with the motion.

"THE COURT: But you don't have any basis for any excusable neglect or anything that you know of at this time. Is that correct?

"MR. CALHOUN: That's correct."

Accordingly, the court did not abuse its discretion in overruling the motion to file an answer. The first assignment of error is overruled.

The thrust of appellant's second assignment of error is that the court erred in not requiring appellee to introduce competent evidence as to the sum unpaid on the note.

R.C. 2309.27, now repealed, provided, prior to the adoption of the Civil Rules, that "[e]xcepting averments as to value or the amount of damage, for the purposes of an action, every material allegation of a petition not controverted by the answer * * * shall be taken as true." Civ. R. 8(D) now similarly provides, "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage,* are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." (Emphasis added.) Appellant basically urges that the amount due and unpaid on a note is "damage" within the meaning of the rule and is not admitted by the failure to file an answer. For the reasons hereinafter set forth, we must disagree.

The predecessor of R.C. 2309.27 appeared in the Code of Civil Procedure adopted in 1852 in 51 Ohio Laws 77, Section 127, and provided, *inter alia,* that "[e]very material allegation of the petition not controverted by the answer * * * shall, for the purposes of the action, be taken as true * * *. Allegations of value,

or of amount of damages, shall not be considered as true, by failure to controvert them."

In *Dallas* v. *Ferneau* (1874), 25 Ohio St. 635, 638, it was held that when an action was brought on an account, the petition's allegation of the amount due "is not, in the sense that in which those words are used in section 127 of the code, an allegation of value or damage, but is a specific allegation on the amount due on the account * * * and must be controverted by answer." The court further held that when not controverted, the trial court had discretionary authority to enter judgment without proof of the amount due.

The rule was otherwise with respect to tort actions. As observed by this court, with predecessor members, in *American Bankers Ins. Co.* v. *Leist* (1962), 117 Ohio App. 20, 23-24 [22 O.O.2d 455]:

"Under the express provisions of this statute [R.C. 2309.27] the defendant, by his failure to answer plaintiff's petition, did not admit the amount of damages, as claimed by the plaintiff. The burden remained upon the plaintiff to prove that he had sustained damages and the amount thereof. Some cases hold that it is within the discretion of the trial judge to require proof before entering a judgment by default, and we concur in this conclusion where the claim is based upon a written instrument, a contract where a specific amount is due, or an account. But in an action in tort for damages, the amount of which, under the provisions of Section 2309.27, Revised Code, is not admitted by failure to file an answer, our conclusion is that before a judgment may be entered, proof of damages claimed by the plaintiff must be presented to the court. See 31 Ohio Jurisprudence (2d), 645, Section 190; *Musser* v. *New York Central System,* 78 Ohio Law Abs. 290 [5 O.O.2d 112]; *Streeton* v. *Roehm,* 83 Ohio App. 148 [38 O.O. 240]."

Civ. R. 55(A) provides in the part here pertinent the following:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

Given the statutory background respecting proof in default judgment hearings, we hold that the trial court did not err in its failure to conduct an evidentiary hearing inasmuch as the amount claimed due in the complaint was admitted and was not within the meaning of "damage" as that term is used in Civ. R. 8 (D) and 55 (A). (See Staff Note to Civ. R. 55.)

Accordingly, the second assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

ABELE, J., concurs.

GREY, J., dissents.