OPINION
Appellant Jason Tirbovich appeals the decision of the Massillon Municipal Court that denied his motion to vacate default judgment. Appellant also assigns as error the trial court's failure to conduct a hearing prior to entering judgment for a specific dollar amount. This appeal arises out of an accident that appellant alleges occurred on November 12, 1998, at the intersection of Locust Street and LaFayette Drive in Canal Fulton, Stark County. On this alleged date, appellant contends Appellee Angel Gillmore allegedly failed to yield the right-of-way from a stop sign on LaFayette Drive. As a result of her alleged failure to yield, appellee's vehicle collided with a vehicle operated by appellant, which was traveling eastbound on Locust Street with the right-of-way.
Thereafter, on November 22, 2000, Appellee Angel Gillmore and Appellee David Gillmore, also a passenger in the vehicle on the date of the accident, filed their complaint. Appellant contends appellees filed their complaint ten days after the expiration of the statute of limitations. Upon receipt of the complaint, appellant provided his insurance carrier with a copy of the complaint.
On December 12, 2000, a legal secretary from Allstate Insurance Company telephoned the clerk of courts, for the Massillon Municipal Court, to check service on appellant. An employee of the clerk's office reported no return of service. On December 19, 2000, the legal secretary again telephoned the clerk's office and was this time informed by an employee of the clerk's office that service had been perfected, by certified mail, on December 13, 2000. Based upon this representation, appellant's answer was due on January 10, 2001.
However, on January 5, 2001, staff counsel for the insurance carrier received a facsimile, from appellant, forwarding a copy of a judgment entry dated January 3, 2001. In this judgment entry, the trial court granted appellees' motion for default judgment and, without conducting a hearing, awarded judgment in the amount of $14,600. Upon contacting the clerk's office, it was discovered that the date of December 13, 2000, which had previously been communicated as the date service was perfected was actually the date on which request for admissions was served upon appellant.
On January 8, 2001, appellant filed a motion for leave to file his answer instanter. Appellees did not oppose the motion. On January 22, 2001, appellant filed a motion to vacate default judgment. The trial court conducted a hearing on appellant's motion on January 29, 2001. Thereafter, on February 13, 2001, the trial court denied the motion to vacate.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S TIMELY MOTION TO VACATE JUDGMENT WHERE DEFENDANT-APPELLANT DEMONSTRATED A MERITORIOUS DEFENSE AND EXCUSABLE NEGLECT UNDER OHIO CIVIL RULE 60(B)(1).
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S TIMELY FILED MOTION TO VACATE JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B)(5) WHERE PLAINTIFFS-APPELLEES' COMPLAINT FAILED TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.
 III. THE TRIAL COURT ERRED IN APPROVING AND ENTERING PLAINTIFFS-APPELLEES' PROPOSED JUDGMENT ENTRY FOR A SPECIFIC DOLLAR AMOUNT WHERE NO HEARING ON DAMAGES WAS EVER HELD AND THE RECORD CONTAINED NO EVIDENCE OF DAMAGES.
 I, II
We will address appellant's First and Second Assignments of Error simultaneously. Appellant alleges the trial court abused its discretion when it denied appellant's motion to vacate pursuant to Civ.R. 60(B)(1) and (5). We disagree.
Civ.R. 60(B) provides, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken. Argo PlasticProducts Co. v. City of Cleveland (1984), 15 Ohio St.3d 389, 391. It is based upon this standard that we review appellant's First and Second Assignments of Error.
We will begin our analysis by first addressing appellant's Second Assignment of Error. In this assignment of error, appellant seeks relief under Civ.R. 60(B)(5) on the basis that appellees' complaint fails to state a claim upon which relief may be granted. Appellant also claims under this assignment of error that a default judgment is improper when the complaint fails to state a cause of action against the defaulting party. See Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134. Appellant maintains appellees' complaint fails to state a cause of action because it was filed outside the applicable statute of limitations.
We have reviewed appellant's motion to vacate default judgment and the transcript of the hearing conducted by the trial court on appellant's motion to vacate default judgment. Although appellant cites to both Civ.R. 60(B)(1) and (5) as grounds for relief in his motion, counsel clearly relied upon Civ.R. 60(B)(1). At the hearing, when questioned by the trial court, counsel for appellant stated that she sought relief under Civ.R. 60(B)(1). Tr. at 6. Because appellant did not make an argument for relief under Civ.R. 60(B)(5) in the trial court, we find he has waived the issue of whether he is entitled to relief under Civ.R. 60(B)(5) and we will not address it on appeal. See Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207, 210. Accordingly, appellant's Second Assignment of Error is overruled.
However, we will address the merits of appellant's First Assignment of Error. Under this assignment of error, appellant claims the trial court should have granted his motion to vacate default judgment pursuant to Civ.R. 60(B)(1). We agree with appellant's contention that he has a meritorious defenses to present. At the time of the accident, appellant claims he had the right-of-way at the intersection where the accident occurred. Appellant also claims he has a meritorious defense because appellees failed to bring their complaint within the applicable statute of limitations. Civ.R. 60(B) only requires a party to allege a meritorious defense, it does not have to prove that it will prevail on that defense.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
We also conclude appellant's motion to vacate default judgment was timely because he filed it within three weeks of entry of the default judgment. The real issue in this case is whether appellant can establish "excusable neglect" under Civ.R. 60(B)(1). The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that "* * * the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 20, citing GTE, supra, at 153.
Furthermore, the Supreme Court has held that the term must be liberally construed, keeping in mind that Civ.R. 60(B) represents "an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'"Colley v. Bazell (1980), 64 Ohio St.2d 243, 248. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case. D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996), 111 Ohio App.3d 134, 138.
Upon review of the record in this matter, we find the trial court did not abuse its discretion when it found that appellant's conduct was not "excusable neglect." In support of this assignment of error, appellant cites to the cases of Lu-An-Do, Inc. v. Todd (July 28, 1997), Stark App. No. 1996CA00393, unreported and Colley, supra.
In the Lu-An-Do case, counsel for Cincinnati Insurance Company failed to timely file its answer and the trial court granted default judgment thirteen days after the missed answer date. Lu-An-Do, Inc., supra, at 2. The trial court denied Cincinnati Insurance Company's motion to vacate judgment. Id. On appeal to this court, we found the trial court abused its discretion when it denied Cincinnati Insurance Company's motion to vacate. Id. at 4. We found, under Civ.R. 60(B)(1), that in addition to the existence of a meritorious defense and a timely filed motion to vacate, excusable neglect existed because the failure to file the answer was "* * * due to miscommunication between counsel for Cincinnati and his paralegal." Id.
The facts of the case sub judice differ in that we find Allstate Insurance Company's decision to rely on a legal secretary to determine the answer date is a complete disregard for the judicial system. The determination of the date an answer is due is a legal decision that should be made by an attorney. In fact, Allstate Insurance Company had received a copy of the complaint from appellant which would indicate to someone with a legal education that appellant had already been served with a copy of the complaint. Further, unlike in the Lu-An-Do case, the miscommunication in this case did not occur between persons with legal training, i.e. attorneys and paralegals, but rather a secretary and an employee of the clerk's office.
Appellant also relies on the Colley decision. In Colley, defendant failed to file an answer after suit papers were sent to the defendant's insurance carrier but never received. Colley, supra, at 244. The trial court granted default judgment within a week of defendant's failure to file an answer. Id. Less than two weeks later, defendant filed a motion to vacate judgment, which the trial court denied. Id. On appeal to the Ohio Supreme Court, the Court held:
 In refusing to vacate the default judgment, the trial court focused on the fact that the defendant is an attorney and ignored the fact of the defendant's prompt notice to the carrier, the substantial amount of the judgment, and the short passage of time between the failure to timely file an answer and the granting of the default judgment. Taking into consideration all the facts and circumstances presented to the trial court in connection with the motion for relief from judgment, and applying the principle that doubt, if any, should be resolved in favor of the motion to vacate, * * * we conclude that the trial court abused its discretion in failing to vacate the default judgment. Id. at 249.
Again, we find the Colley decision differs from the case currently before the court. In Colley, the attorney never received the suit papers mailed to the defendant's insurance carrier. This was not the defendant's fault nor the fault of his insurance carrier. However, in this matter, appellant had provided Allstate Insurance Company with a copy of the complaint and Allstate relied on a legal secretary to determine the answer date.
Based upon the above, we conclude the trial court did not abuse its discretion when it denied appellant's motion to vacate.
Appellant's First and Second Assignments of Error are overruled.
 III
In his final Assignment of Error, appellant contends the trial court erred when it approved appellees' proposed judgment entry, for a specific dollar amount, when the trial court failed to conduct a damages hearing and the record did not contain evidence of damages. We agree.
Civ.R. 55 governs the procedure for entering default judgment. Civ.R. 55(A) provides, in pertinent part:
 * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.
As a general rule, proof of damages is required before a default judgment may be granted in negligence actions where damages are unliquidated. Buckeye Supply Co. v. Northeast Drilling Co., supra;Farmers Merchants State Sav. Bank v. Raymond G. Barr Ent., Inc. (1982), 6 Ohio App.3d 43. Appellees' complaint, in the case sub judice, seeks unliquidated damages for personal injuries allegedly sustained in an automobile accident. Although the complaint alleges that Appellee Angel Gillmore incurred medical expenses in excess of $1,638 and Appellee David Gillmore incurred medical expenses in excess of $1,624, the complaint also states that the amount of damages "* * * cannot presently be determined."
Appellees respond by indicating they attached, to their motion for default judgment, a statement of out-of-pocket expenses and copies of bills for emergency room care, chiropractic care, and use of a rental car. The trial court awarded each appellee $7,300. Appellee Angel Gillmore received $5,456.73 in excess of her actual expenses and Appellee David Gillmore received $5,837 in excess of his actual expenses. We conclude a damages hearing is necessary to determine the amount of damages appellees are entitled to beyond their actual expenses.
Accordingly, we sustain appellant's Third Assignment of Error. This matter is remanded to the trial court for the court to conduct a hearing on the issue of damages.
For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 24(A)(4), the parties shall equally split the costs in this matter.
Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.