DECISION AND JUDGMENT ENTRY
{¶ 1} Discover Bank ("Appellant") appeals the judgment of the Washington County Court of Common Pleas denying its motion for default judgment. The Appellant contends the trial court erred in denying its motion for default judgment because Christopher Hicks ("Appellee") admitted he owed the debt when he failed to answer the initial complaint or otherwise appear in the action. Because we find Civ.R. 8(D) is controlling in this matter, and the debt owed to the Appellant is not a damage provision within *Page 2 
the context of that rule, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.
 {¶ 2} On June 12, 2006, the Appellant filed a complaint against the Appellee for monies owed on a Discover Bank credit card account. The Appellant attached a recent credit card statement and terms and conditions of the agreement to its complaint. Although he was properly served with the Appellant's complaint, the Appellee did not file an answer. The Appellant then moved for default judgment, attaching an affidavit to its motion.
 {¶ 3} On September 5, 2006, the trial court held a case management conference and motion for default hearing. At that hearing, the court noted there was nothing in the court file with the Appellee's signature indicating that he agreed to have an account. At the conclusion of the hearing, the trial court entered judgment for the Appellee. An entry granting judgment for the Appellee was likewise filed on September 7, 2006. The Appellant now appeals this decision, asserting the following assignments of error:
 {¶ 4} 1. THE LOWER COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF APPELLANT IN FAILING TO GRANT JUDGMENT IN FAVOR OF APPELLANT.
 {¶ 5} 2. IN THE ALTERNATIVE, JUDGMENT SHOULD BE VACATED AND THE CASE REMANDED TO THE LOWER COURT FOR FURTHER PROCEEDINGS, BECAUSE THE LOWER COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF A NON-APPEARING, NON-MOVING DEFENDANT AT A DEFAULT HEARING. *Page 3 
 {¶ 6} In its first assignment of error, the Appellant argues the trial court erred as a matter of law when it failed to enter judgment in its favor. In its original complaint, the Appellant requested the trial court to enter a default judgment under Ohio Civ.R. 55 against the Appellee. Motions for default judgment under Civ.R. 55 are relegated to the sound discretion of the trial court. See generally Huffer v.Cicero (1995), 77 Ohio App.3d 65, 74, 667 N.E.2d 1031. We will not overturn a trial court's decision on a motion for default judgment absent an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 7} The Appellant contends that because the Appellee did not file an answer to its complaint, or make an appearance in the action at any point, he has admitted the amount due and owing in the complaint. Civ.R. 8(D) provides, in pertinent part, "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." When an action is brought on an account, the allegation of the amount due is not "an allegation of value or damage, but is a specific allegation on the amount due on the account * * * and must be controverted by answer."Farmers Merchants *Page 4 State and Savings Bank v. Raymond G. Barr Ent., Inc. (1982),6 Ohio App.3d 43, 44, 452 N.E.2d 521. Applying this rule to the case sub judice, the Appellee failed to deny that he owed $4,317.58 on his Discover credit card account, either by answer or appearance. Because a responsive pleading is required in a case of this nature, and the Appellant's allegation of the amount due by the Appellee is not an allegation of damage under Civ.R. 8(D), the averments set forth in the Appellant's complaint are admitted. Thus, the Appellant admitted that he owes $4,317.58 to Discover Bank.
 {¶ 8} At the hearing on the Appellant's motion for default judgment, the trial court took exception to what it perceived as a lack of evidence showing that the Appellee had an account with Discover Bank. The following exchange took place between the trial judge and the Appellant's counsel:
 The Court: "What we have in the file is a Discover card information (sic). We do not have anything signed by Mr. Hicks. And-and I need something to show that he actually has an account with Discover Bank and the — the balance.
 Mr. Vessels: Your Honor, I — I have the account, the most recent account information statement, the account summary, showing a $4,317.58 debt for Christopher Hicks, with that card number. I do not have anything with his signature on it.
 The Court: Yeah, okay. Well, I would need something to — to show that he signed and agreed to have an account.
 So you don't have anything else to offer, then? *Page 5 
 Mr. Vessels: That's all I have, Your Honor.
 The Court: Okay. The Court will grant judgment for Mr. Hicks."
 {¶ 9} The trial court bases its judgment upon the lack of evidence in the record that the Appellee signed and agreed to have an account. Pursuant to the fact that the Appellee has admitted that he owes the Appellant $4,317.58 under Civ.R. 8, however, it was an abuse of discretion for the trial court to deny the Appellant's motion for a default judgment under Civ.R. 55.
 {¶ 10} As such, we sustain the Appellant's first assignment of error. In light of our disposition of Appellant's first assignment of error, the second assignment of error is arguably mooted. However, we parenthetically note that the trial court could not grant judgment to the defendant below at a hearing on plaintiffs motion for default. It could do so if it were addressing the merits of the case, but that is not purpose of a default hearing. Accordingly, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.