JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Capital One Bank appeals from the order of the trial court that concluded, following an ex parte trial, that it had failed to establish the debt owed by defendant William P. Zavatchen. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On March 9, 2007, Capital One Bank ("Capital One") filed a complaint against Zavatchen for breach of contract, alleging that Zavatchen breached the terms of his credit card agreement with Capital One, by failing to make the required minimum monthly payments and that he owed Capital One $1,147.69, plus accrued interest. The parties' credit card agreement and an account summary and statement which stated that Zavatchen owed $1,147.69 plus interest were appended to the complaint.
 {¶ 3} Zavatchen did not answer the complaint and Capital One sought a default judgment. The trial court scheduled the matter for a default hearing on June 27, 2007 and ordered plaintiff to provide the court with "proof of service, affidavit of damages, proposed journal entry, and a copy of the letter sent to defendant by regular and certified (return receipt requested) U.S. mail notifying him that failure to appear for default hearing may result in judgment being entered against him."
 {¶ 4} The matter proceeded to a default hearing as scheduled. The trial court denied the motion for default, stating, in relevant part: *Page 4 
 {¶ 5} "Defendant fails to appear. Plaintiff's counsel fails to provide original affidavit of damages. Plaintiff's counsel fails to provide signed copy of credit card application or signed copy of credit card agreement. Plaintiff's motion for default judgment, filed 05/01/2007 is denied."
 {¶ 6} The matter was thereafter set for trial on September 7, 2007, but defendant again failed to appear.[1] The trial court held an ex parte trial. Capital One indicated that the complaint still had not been answered and that it propounded to Zavatchen a request for admissions which provided, in relevant part:
 {¶ 7} "The computations by which the principal balance claimed by Plaintiff [is] accurate."
 {¶ 8} Capital One also indicated that Zavatchen had failed to respond to the request for admissions and that, by operation of Civ. R. 36, they were deemed admitted. The trial court entered judgment for Zavatchen and concluded:
 {¶ 9} "Plaintiff fails to produce any witnesses. The court finds that plaintiff fails to produce evidence as to debt allegedly owed by defendant. The court finds that defendant [sic] has failed to meet its burden of proof and finds in favor of defendant. Costs to plaintiff. Final."
 {¶ 10} Capital One now appeals and assigns three errors for our review: *Page 5 
 {¶ 11} The first and second assignments of error are interrelated and state:
 {¶ 12} "The trial court erred and abused its discretion in denying Plaintiff-Appellant's oral motion for default judgment."
 {¶ 13} "The trial court erred and abused its discretion in denying Plaintiff-Appellant's oral motion for default judgment made at trial."
 {¶ 14} Civ. R. 55(A) provides for judgment by default where a defendant fails to make an appearance by filing an answer or otherwise defending an action. The trial court is vested with discretion in determining whether default judgment is to be awarded, however. Lykins v. MiamiValley Hospital, 157 Ohio App.3d 291 2004-Ohio-2732, 811 N.E.2d 124.
 {¶ 15} We find no abuse of discretion in this matter as the record indicates that the matter had been pending for two months and Capital One did not provide all of the documents requested by the trial court in advance of the hearing. Similarly, the record of the trial court proceedings fails to indicate that Capital One supplied the entire list of documents requested by the trial court in connection with the motion for default judgment.
 {¶ 16} The first and second assignments of error are without merit.
 {¶ 17} Capital One's third assignment of error states:
 {¶ 18} "The trial court erred and abused its discretion in finding for Defendant at trial when Plaintiff introduced as evidence unanswered requests for admission deemed admitted under Civ. R. 36." *Page 6 
 {¶ 19} Civ. R. 55(A) states, in pertinent part:
 {¶ 20} "* * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 21} Civ. R. 8(D) provides, in pertinent part:
 {¶ 22} "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."
 {¶ 23} When an action is brought on an account, however, the allegation of the amount due is not "an allegation of value or damage, but is a specific allegation on the amount due on the account * * * and must be controverted by answer." Farmers Merchants State and SavingsBank v. Raymond G. Barr Ent, Inc. (1982), 6 Ohio App.3d 43, 44,452 N.E.2d 521.
 {¶ 24} Pursuant to Civ. R. 8(D), averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.
 {¶ 25} In Discover Bank v. Hicks, Washington App. No. 06CA55,2007-Ohio-4448, the plaintiff alleged that the defendant owed $4,317.58 on his credit card *Page 7 
account. The defendant did not file an answer or otherwise appear. The court therefore held that he did not deny that he owed the stated debt on the account and his account constituted an admission of the allegations under Civ. R. 8(D).
 {¶ 26} Further, in Capital One Bank v. Nolan, Washington App. No. 06CA77, 2008-Ohio-1850, the court held that where the plaintiff credit card company attached to the complaint copies of the card agreement and two monthly statements showing a past due balance the attachments were sufficient to establish a complaint on an account. Accord,Huntington National Bank v. Twining (Feb. 21, 1991), Cuyahoga App. No. 60222.
 {¶ 27} Finally, Civ. R. 36(A) requires that a party to whom requests for admissions have been directed must answer or object, in writing, within a designated time period. Unanswered requests for admission render the matter requested conclusively established for the purpose of establishing the amount owed on an account. See Great Seneca Fin. Corp.v. Lee, Montgomery App. No. 21134, 2006-Ohio-2123. The court stated:
 {¶ 28} "The requests for admission pertained to the following facts: 1) Lee had entered into a credit card agreement with Wells Fargo; 2) Lee had borrowed money on the credit card; 3) Lee had failed to repay the amount owed in accordance with the terms of the credit card; 4) there remained a balance of $647.26, plus interest, owed on the account in question; 5) Lee had been required to pay the credit card debt; and 6) she had failed to do so. In the absence of a genuine issue of material *Page 8 
fact as to one or more of these facts, Great Seneca was entitled to judgment against Lee on the credit card debt."
 {¶ 29} In this matter, Capital One Bank, through the use of exhibits attached to its complaint, has established its account. The unanswered request for admissions established that the "computations by which the principal balance claimed by Plaintiff [is] accurate." Defendant provided no evidence which would rebut plaintiff's allegations. AccordHuntington National Bank v. Twining, supra. Further, the trial court therefore erred in failing to award Capital One damages in this matter.
 {¶ 30} This assignment of error is well-taken.
 {¶ 31} Reversed and remanded.
 {¶ 32} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR
[1] The matter had been set for September 5, 2007. Zavatchen failed to appear and the matter was rescheduled to September 7, 2007, because the trial court was hearing a criminal matter. *Page 1