[Cite as *Bank of America, N.A. v. Truax*, 2018-Ohio-3101.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

BANK OF AMERICA, N.A.,

Plaintiff-Appellant,

v.

LARRY E. TRUAX,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MO 0011**

---

Civil Appeal from the
County Court of Monroe County, Ohio
Case No. CVF-1600-118

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Yale R. Levy* and
*Atty. Krishna K. Velayudhan*, Levy & Associates, LLC, 4645 Executive Drive, Columbus, Ohio 43220, for Plaintiff-Appellant

*Larry E. Truax*, *Pro se*, 32876 County Road 14, Sycamore Valley, Ohio 43754.

Dated: July 27, 2018

---

**WAITE, J.**

**{¶1}** Appellant, Bank of America N.A. ("BOA" or "bank"), appeals the entry of default judgment in its favor and against Appellee, Larry E. Truax, in the amount of zero dollars by the Monroe County Court in this breach of contract and unjust enrichment action on a credit account. For the following reasons, the judgment is reversed and this matter is remanded with instructions to the trial court to enter judgment in favor of BOA in the amount of $5,603.92.

Facts and Procedural History

**{¶2}** BOA filed its complaint on October 7, 2016 seeking to recover $5,603.92 on a credit account issued to Truax. Attached to the complaint was a credit card statement with a due date of November 20, 2015 and a balance of $5,603.92. Truax was served but did not file a responsive pleading.

**{¶3}** On March 16, 2017 BOA filed a motion for default judgment pursuant to Civ.R. 55. The same credit card statement that accompanied the complaint was attached, as well as an affidavit stating that Truax had no military service.

**{¶4}** On March 17, 2017, the trial court issued a journal entry granting the motion for default judgment in part, with respect to liability on the account, but denying it in part, with respect to the amount due and unpaid. The trial court cited *Farmers & Merchants State & Sav. Bank v. Raymond G. Barr Enterprises, Inc.*, 6 Ohio App.3d 43, 452 N.E.2d 521 (4th Dist.1982), for the proposition that "the burden remains with Plaintiff to prove the amount of damages, notwithstanding the fact that Plaintiff is entitled to judgment as to liability." (3/17/17 J.E., p. 1.) The trial court then cited *Whittle v. Davis*, 12th Dist. No. CA2012-08-169, 2013-Ohio-1950, ¶ 13, an Ohio Consumer Sales Practices Act and Ohio Motor Vehicle Sales Rule case, for the proposition that

Case No. 17 MO 0011

the bank's failure to attach the underlying contract "may not bar default judgment as to liability on the part of Defendants [sic]; however the contract is necessary as to the issue of damages, given that [the bank] seeks an award of interest in excess of the statutory rate." (Emphasis deleted.) (3/17/17 J.E, p. 2.)

**{¶5}** In fact, the syllabus in *Farmers* reads, "[i]n an action on an account, the amount alleged in the complaint to be due and unpaid on a promissory note is not 'damages,' as that term is used in Civ.R. 8(D), and is admitted by the failure to file an answer." *Id.* at syllabus, and 44 citing *Dallas v. Ferneau*, 25 Ohio St. 635, 638, 1874 WL 129 (1874) (amount due on account is not a matter of value or damage); see also *Natl. College Student Loan Tr. 2004-1 v. Irizarry*, 7th Dist. No. 14 MA 50, 2015-Ohio-1798, ¶ 25. Based on the trial court's misinterpretation of the law, it granted BOA fourteen days to supplement the record "with respect to damages claimed," and noted that a hearing would be scheduled "depending upon what, if anything, [BOA] offers in support of its claim for damages." (3/17/17 J.E, p. 2.)

**{¶6}** On April 6, 2017, BOA filed a pleading captioned, "Submission of Additional Evidence." Attached to the submission was a copy of Truax's credit card application, which was dated February 11, 2013.

**{¶7}** On April 12, 2017, the trial court issued a second journal entry, which reads, in pertinent part, "[u]pon due consideration of the unidentified document submitted by [BOA], the Court finds that said documents lends no weight whatsoever to [BOA's] claim. That document appears to be nothing more than an application for credit. It contains no terms and it certainly is not a contract." (4/12/17 J.E., p. 1.) As a consequence, the trial court set a hearing on damages for May 3, 2017.

Case No. 17 MO 0011

{¶8} Counsel for BOA sent by U.S. Mail a motion to continue the May 3rd damages hearing to the trial court on May 2, 2017. The motion sought additional time to collect the documents requested by the trial court and asserted that the May 3, 2017 hearing date placed an unfair burden on the bank. According to BOA's appellate brief, the motion for continuance was mailed the same day that counsel for BOA received the hearing notice, however, this explanation was not provided in the motion.

{¶9} Although the motion was transmitted by facsimile to the trial court on May 2, 2017, it was not filed with the trial court until May 8, 2017. In a third journal entry, dated May 10, 2017, the trial court wrote that the motion was not ruled on prior to the hearing "but [BOA] failed to appear or otherwise contact the Court to ascertain the status of the Motion." (5/10/17 J.E.) The trial court observed that the filing of a motion to continue one day before a hearing was unreasonable, because it does not afford the non-moving party a meaningful opportunity to respond. Finally, the trial court took umbrage to the characterization of the hearing as an unfair burden on the bank. Citing the interest of justice, the trial court rescheduled the damages hearing to May 17, 2017, with the caveat that "[n]o further continuances by [BOA] will be granted and, should [BOA] again fail to appear, the issue of damages will be dismissed for failure to prosecute." (5/10/17 J.E.)

{¶10} On May 12, 2017, BOA filed a second pleading captioned, "Submission of Evidence." Included was the affidavit of a custodian of records at BOA, Marty J. Jarrell, wherein Jarrell swore that the bank opened a credit account for Truax and that he failed to make periodic payments. (Jarrell Aff., ¶ 4.) A charge off in the ordinary course of business occurred on October 31, 2015, and the credit card statement that was

Case No. 17 MO 0011

previously attached to the complaint and the motion to dismiss was again attached to the affidavit.  (Jarrell Aff., ¶ 5.)  In addition, credit card statements with payment dates spanning October 19, 2014 to November 20, 2015 were included in the pleading.

**{¶11}** Counsel for BOA failed to appear at the May 17, 2017 hearing, however, Truax did appear.  There is no indication whether any hearing was held.  The trial court filed a journal entry that same day that reads in its entirety, "[t]his matter came before the Court on a Motion for Damages.  [Truax] appeared and Counsel failed to appear.  Therefore, judgment will be granted for [BOA] in the amount of $0.00 damages."  (5/17/17 J.E.)

## Analysis

**{¶12}** BOA advances two "issues presented for review" which, for the purposes of this appeal, will be construed as assignments of error.  The first appears to raise a due process challenge and the second asserts an error of law.  However, BOA argues in both assignments that the trial court erred as a matter of law when it failed to enter default judgment in the amount of $5,603.92 based on Truax's failure to file a responsive pleading.  The assignments of error will be taken out of order for the purpose of clarity.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT AS TO DAMAGES AFTER APPELLANT FILED ITS AFFIDAVIT OF DAMAGES, SIGNED CREDIT CARD APPLICATION, AND CHARGE OFF STATEMENT PRIOR TO THE MAY 17, 2017 DAMAGES HEARING.

Case No. 17 MO 0011

{¶13} A trial court's decision to grant or deny a motion for default judgment is reviewed on appeal for an abuse of discretion. *Marafiote v. Estate of Marafiote*, 7th Dist. No. 14 MA 0130, 2016-Ohio-4809, 68 N.E.3d 238, ¶ 22. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601 (1990).

{¶14} In most instances, an abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process to support that decision. *Id.*

{¶15} The resolution of the second assignment of error turns on the interaction of two civil rules. Civ.R. 55, captioned "Default," reads, in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

In other words, the trial court has broad discretion to conduct a hearing prior to the entry of default judgment.

{¶16} Civ.R. 8(D), captioned, "Effect of Failure to Deny" provides:

Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

{¶17} For more than a century, the rule in Ohio has been that an amount alleged in a complaint to be due and unpaid on a promissory note is not a claim for damages, and is admitted when not denied in a responsive pleading. *Irizarry*, ¶ 25. Hence, despite the trial court's repeated pronouncements, no hearing on damages was required.

{¶18} The facts in *Discover Bank v. Hicks*, 4th Dist. No. 06CA55, 2007-Ohio-4448, are analogous to the facts in this case. Discover Bank filed an action on a credit account, and attached a recent credit card statement and the terms and conditions of the credit agreement to its complaint. When no answer was filed, Discover Bank filed a motion for default judgment. The trial court held a hearing on the motion and concluded that there was nothing in the record containing Hicks' signature to indicate that he authorized the account. Based on this, the trial court entered judgment for Hicks.

{¶19} The Fourth District provided the following summary of Ohio law:

When an action is brought on an account, the allegation of the amount due is not "an allegation of value or damage, but is a specific allegation on the amount due on the account * * * and must be controverted by answer." *Farmers & Merchants State and Savings Bank v. Raymond G. Barr Ent., Inc.* (1982), 6 Ohio App.3d 43, 44, 452 N.E.2d 521. Applying this rule to

the case sub judice, the Appellee failed to deny that he owed $4,317.58 on his Discover credit card account, either by answer or appearance. Because a responsive pleading is required in a case of this nature, and the Appellant's allegation of the amount due by the Appellee is not an allegation of damage under Civ.R. 8(D), the averments set forth in the Appellant's complaint are admitted. Thus, the Appellant admitted that he owes $4,317.58 to Discover Bank.

*Id.* ¶ 7.

{¶20} Hence, the trial court in *Hicks* based its judgment on its determination that the record lacked evidence, but Hicks had admitted by operation of law that he owed Discover Bank $4,317.58 pursuant to Civ.R. 8. The Fourth District held that the trial court abused its discretion when it denied Discover Bank's motion for a default judgment. *Id.* at ¶ 9. The same rationale applies here.

{¶21} In this case, the trial court committed an error of law when it found that a hearing on damages was required. BOA was entitled to judgment in the amount alleged in the complaint. Compounding this error, it appears that the trial court awarded zero damages to BOA as a sanction for the behavior of BOA's counsel. While the trial court did not dismiss BOA's case for want of prosecution, it achieved the same result by granting judgment in favor of BOA for zero dollars.

{¶22} Although we review Civ.R. 41 dismissals for an abuse of discretion, dismissals with prejudice are subject to heightened scrutiny. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47-48, 684 N.E.2d 319 (1997). The Supreme Court of Ohio elaborated:

Case No. 17 MO 0011

[T]he extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party. In other words, dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. (Internal citations omitted.)

*Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 712 N.E.2d 729 (1999). Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. *Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997).

{¶23} Counsel's failure to appear in this case, though careless and perhaps disrespectful, falls far short of the level of conduct required for the harsh sanction of dismissal, or the functional equivalent here, a zero-dollar judgment. This record clearly reflects that the judgment sought in its complaint should have been awarded to BOA. Accordingly, we find that BOA's second assignment of error has merit and is sustained. The trial court abused its discretion in granting judgment in favor of BOA and against Truax for zero dollars.

<u>ASSIGNMENT OF ERROR NO. 1</u>

<u>Case No. 17 MO 0011</u>

THE TRIAL COURT ABUSED ITS DISCRETION WHEN GRANTING JUDGMENT IN FAVOR OF APPELLANT IN THE AMOUNT OF ZERO DOLLARS WHEN IT STATED IN ITS DOCKET AND JOURNAL ENTRY DATED MAY 10, 2017 THAT IT WOULD DISMISS THE ISSUE OF DAMAGES FOR FAILURE TO PROSECUTE IF APPELLANT FAILED TO APPEAR FOR THE DAMAGES HEARING ON MAY 17, 2017.

**{¶24}** Because the trial court abused its discretion when it entered default judgment in favor of BOA for zero dollars, the first assignment of error is moot.

Conclusion

**{¶25}** For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded with instructions to the trial court to enter judgment in favor of BOA and against Truax in the amount of $5,603.92.

Robb, P.J., concurs.

Bartlett, J., concurs.

Case No. 17 MO 0011

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is sustained and its second assignment is moot. It is the final judgment and order of this Court that the judgment of the County Court of Monroe County, Ohio, is reversed. We hereby remand this matter with instructions to the trial court to enter judgment in favor of Bank of America and against Truax in the amount of $5,603.92 according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE KATHLEEN BARTLETT**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**