[Cite as *Bank of Am., N.A. v. Goetz*, 2019-Ohio-2042.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Bank of America, N.A.                                    Court of Appeals No. OT-18-033

     Appellant                                        Trial Court No. CVF1800315

v.

Rick L. Goetz                                           **DECISION AND JUDGMENT**

     Appellee                                         Decided:  May 24, 2019

* * * * *

Yale R. Levy and Krishna K. Velayudhan, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Bank of America, National Association, appeals from the August 13, 2018 judgment of the Ottawa County Municipal Court, where it was granted default judgment and awarded $236.45 against appellee, Rick Goetz.  For the reasons that follow, we affirm in part and reverse in part.

## Background

{¶ 2} Appellant filed its complaint against appellee on May 24, 2018. Appellant sought to recover $4,146.47, alleging appellee opened a credit account and defaulted on payment. Appellant attached six years of monthly statements.

{¶ 3} Appellee never filed an answer, although he was served by certified mail on May 30, 2018. The record reflects Brenda Goetz signed for the complaint and summons.

{¶ 4} On August 9, 2018, appellant filed for default judgment. The court granted it in the amount of $236.45 plus costs, and a journal entry was journalized on August 13, 2018.

## Assignments of Error

{¶ 5} Appellant sets forth the following assigned errors:

1. The trial court abused its discretion when granting judgment in favor of Appellant in the amount of $236.45 plus costs when Appellee failed to respond to Appellant's motion for default judgment.

2. The trial court erred when it failed to grant Appellant's unopposed motion for default judgment as to damages after Appellant attached consecutive account statements from November, 2009 to September, 2015.

## Assignments of Error

{¶ 6} In its first and second assignments of error, appellant asserts appellee's failure to respond to default judgment resulted in admission of the amount owed, and that

2.

the consecutive statements in the record provided evidence to support the amount. Appellee did not submit a brief and, therefore, waives argument.

{¶ 7} We have dealt with these issues in *Capital One Bank, N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931.

{¶ 8} In *Heidebrink*, Capital One argued the trial court "should have entered default judgment for the amount prayed for in its complaint and the total amount its computerized printout showed due and owing." *Id.* at ¶ 35. Capital One demanded $1,064.87, and the trial court only awarded it $559.37. In reaching this calculation, the trial court removed "late fees and over limit fees" and imposed "statutory interest pursuant to R.C. 1343.03(A), rather than what Capital One call[ed] the 'contractual rate" of 20.40 percent interest." *Id.* We affirmed based on Capital One not producing a written contract in which the fees and interest rate were disclosed. *Id.* at ¶ 43.

{¶ 9} Like appellant here, Capital One argued it proved a contract, "insofar as the documents submitted with the complaint show a 'signed offer tendered by Heidebrink; acceptance by the Bank; and the mutual assent to the terms and conditions through use of a credit card.'" *Id.* at ¶ 45. Also like appellant here, Capital One argued the amount due as claimed in the complaint was not "damages" for purposes of Civ.R. 8(D) and, hence, should have been "deemed admitted when the defendant fail[ed] to answer." *Id.* at ¶ 44, citing *Farmers & Merchants State & Savs. Bank v. Raymond G. Barr Ents., Inc.*, 6 Ohio App.3d 43, 452 N.E.2d 521 (4th Dist.1982).

3.

**{¶ 10}** Similarly, appellant here has not proved a written contract existed in which the interest rate and fees were disclosed and in which the parties manifested assent. The monthly statements in the record are not enough to show a contract existed before the account began. We cannot reverse and grant appellant default judgment in the requested amount.

**{¶ 11}** However, because we find the trial court's judgment is without an explanation or break down of how the $236.45 plus costs award was reached, we remand to the trial court for a hearing on damages.

**Conclusion**

**{¶ 12}** The August 13, 2018 judgment of the Ottawa County Municipal Court is affirmed, in part, and reversed, in part. We affirm the default judgment against appellee, but remand to the trial court for a hearing to determine the amount of damages owed appellant. The parties are ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                                                JUDGE

Arlene Singer, J.                        _____

Christine E. Mayle, P.J.                                                                      JUDGE
CONCUR.

_____
                                                                                 JUDGE