DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal from a judgment of the Erie County Court of Common Pleas, we are asked to determine whether the trial court erred in granting the "Civ.R. 60(B)" motion of appellees, Donna L. Gochenour, individually, and Donna L. Gochenour, the parent and next friend of Tracey Gochenour, a minor.
 {¶ 2} On July 24, 1996, Tracey was a passenger in a motor vehicle operated by appellant, Kathleen M. Witter. The Witter automobile collided with a vehicle operated by Candance Norcia; Tracey was injured as a result of this collision.
 {¶ 3} On January 24, 1997, appellees filed a negligence action against appellant and Norcia. Neither of the named defendants responded, by answer or otherwise, to the complaint. Therefore, on April 18, 1997, appellees filed a Civ.R. 55(A) motion for a default judgment against Witter only. The trial judge granted this motion on that same date. However, she failed to set a date and time for the damages hearing.[1]
 {¶ 4} On December 22, 1997, the common pleas court entered a judgment notifying appellees, among others, of the cases that would, absent action on the part of the parties, be dismissed, without prejudice, for want of prosecution. On January 2, 1998, the court below journalized a judgment dismissing the case before us, without prejudice.
 {¶ 5} On August 14, 2003, appellees filed a statement of damages. The docket sheet shows that the trial court, on April 2, 2004, set a hearing date, April 23, 2004, on the question of damages. On April 21, 2004, appellees moved the court for a continuance of the damages hearing or, in the alternative, a determination of damages based upon the exhibits submitted by appellees.
 {¶ 6} On April 23, 2004, appellant filed a "Notice of Dismissal" that informed the trial court of the January 2, 1998 dismissal without prejudice for want of prosecution. In the notice, appellant asserted that the lower court lacked the jurisdiction to take any action in this suit. On June 4, 2004, the trial court sua sponte vacated its January 2, 1998 journal entry and awarded appellees a total of $200,000 against appellant. Witter immediately filed a motion to vacate the June 4, 2004 judgment as improvidently granted. On that same date, the trial court found this motion well-taken.
 {¶ 7} Appellees subsequently filed a Civ.R. 60(B) motion to vacate the January 2, 1998 journal entry. Counsel for appellees indicated that they notified the court that the case was still active. Thus, they argued that it should have been removed from the list of cases to be dismissed for want of prosecution. Appellees supported this motion with the affidavits of their attorney and the member of the attorney's staff who spoke with the Erie County assignment clerk concerning the removal of this cause from the proposed dismissal list. Appellees never denominated the specific ground, as set forth in Civ.R. (60)(B)(1) through (60)(B)(5), as the basis for their motion to vacate.
 {¶ 8} On March 1, 2005, the trial court granted the motion to vacate citing Civ.R. 60(B)(5) as the grounds for its judgment. Appellant appeals and contends that the trial court erred in the following respect:
 {¶ 9} "The trial court abused its discretion when it vacated an order of dismissal which was more than six years old although Plaintiffs-Appellees never sought Rule 60(B) relief until the case had been dismissed for over five years."
 {¶ 10} For the following reason, we must reverse the trial court's judgment.
 {¶ 11} The relevant provisions in Civ.R. 41 read:
 {¶ 12} "* * *
 {¶ 13} "(B) Involuntary dismissal: effect thereof.
 {¶ 14} "(1)Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
 {¶ 15} "(2) * * *
 {¶ 16} "(3) Adjudication on the merits; exception. A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as anadjudication upon the merits unless the court, in its order fordismissal, otherwise specifies." (Emphasis added.)
 {¶ 17} Therefore, a dismissal without prejudice under Civ.R. 41(B)(1) for failure to prosecute is not a dismissal on the merits. See, e.g.,Westerhaus v. Weintraut, (Aug. 31, 1995), 8th Dist. No. 68605 (Where an action may be refiled, the litigation has not been brought to an end on the merits.). Rather, such a dismissal without prejudice relieves a court of all jurisdiction over the matter, and the action is treated as though it was never commenced. See Denham, Admr. v. City of New Carlisle
(1999), 86 Ohio St.3d 594, 596, 1999-Ohio-128; In re Thigpen, 2d Dist. No. 19726, 2003-Ohio-4431, at ¶ 5 (Citations omitted.). Because Civ.R. 60(B), by its own terms, applies only to final judgments, that is, judgments on the merits, a dismissal without prejudice is not subject to said motion to vacate. Hensley v. Henry (1980), 61 Ohio St.2d 277, syllabus; Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825.
 {¶ 18} In the present case, the trial court dismissed this cause without prejudice for failure to prosecute. Due to the fact that this was a dismissal otherwise than on the merits, the lower court lacked the jurisdiction to entertain, over six years later, appellees' Civ.R. 60(B) motion. Consequently, the trial court's judgment on appellees' Civ.R. 60 (B) motion is a nullity. Therefore, the March 1, 2005 judgment (journalized on March 30, 2005) of the Erie County Court of Common Pleas is vacated. Appellant's single assignment of error is found moot.
 {¶ 19} Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment vacated.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.
[1] An order, judgment entry, or other journal entry which grants a default judgment as to liability only and leaves the matter of damages for later adjudication is not a final appealable order. Pinson v.Triplett (1983), 9 Ohio App.3d 46; Lindsey v. Rumpke (Nov. 16, 2000), 10th Dist. No. 00AP-426, citing Catanzarite Co v. Roof (1983),8 Ohio App.3d 282.