JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Fitworks Holding, LLC ("Fitworks"), appeals the trial court's denial of its motion for default judgment and the trial court's granting judgment in favor of defendant-appellee, Gregory Sciranko, Jr. ("Sciranko"). Finding merit to the appeal, we reverse and remand.
 {¶ 2} In June 2007, Fitworks sued Sciranko for $1,099.88, which was the amount Fitworks alleged Sciranko owed on his membership contract. Fitworks attached a copy of the membership agreement, an account statement setting forth the balance due, as well as a copy of Sciranko's driver's license and receipts. Despite being properly served with the complaint, Sciranko failed to answer. Fitworks then moved for default judgment, attaching an affidavit setting forth the damages claimed by Fitworks and a military affidavit. A hearing was scheduled in September 2007, at which Sciranko failed to appear. The next day, the trial court denied Fitworks' motion and entered judgment in favor of Sciranko, stating that Fitworks "failed to produce sufficient evidence of debt."
 {¶ 3} Fitworks appeals, raising three assignments of error for our review, which shall be addressed together where appropriate. In the first and second assignments of error, Fitworks argues that the trial court erred, as a matter of *Page 3 
law, and abused its discretion in denying its motion for default judgment and granting judgment in favor of Sciranko.
 Standard of Review {¶ 4} A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion. Discover Bank v.Hicks, Washington App. No. 06CA55, 2007-Ohio-4448. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 Civ. R. 55-Default Judgment {¶ 5} Civ. R. 55(A) provides in pertinent part:
 "(A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing *** to the court ***. ***If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 6} "[A] default judgment is proper [under Civ. R. 55] when *** a defendant has not contested the plaintiff's allegation by pleading or `otherwise defend[ing]' such that no issues are present in the case."Reese v. Proppe (1981), 3 Ohio App.3d 103, 443 N.E.2d 992. *Page 4 
 {¶ 7} Furthermore, under Civ. R. 8(D), allegations in a complaint to which a responsive pleading is required are admitted when not denied in the responsive pleading. "In other words, if a party fails to deny the specific allegations of a complaint against it, those allegations are considered admitted by the party." Burdge v. On Guard Sec. Servs.,Inc., Hamilton App. No. C 050522, 2006-Ohio-2092; see, also,Reese. Thus, when a defendant fails to contest the allegations raised in the complaint, "it is proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiff's claims."
 {¶ 8} In the instant case, Fitworks' complaint alleged conduct by Sciranko that required a responsive pleading. Because Sciranko failed to file a responsive pleading denying Fitworks' allegations, the trial court, under Civ. R. 8, should have construed those allegations as admitted. Because Sciranko admitted that he owed Fitworks $1,099.88, the court should have rendered default judgment against him.
 {¶ 9} Thus, the trial court erred and abused its discretion by denying Fitworks' motion for default judgment and by entering judgment in Sciranko's favor. *Page 5 
 {¶ 10} Accordingly, the first and second assignments of error are sustained.
 {¶ 11} In the third assignment of error, Fitworks argues that the trial court's entry of judgment in favor of Sciranko was against the manifest weight and the sufficiency of the evidence. In light of our decision in the first and second assignments of error, the third assignment of error is moot.
 {¶ 12} Therefore, we reverse the judgment of the trial court and remand for entry of judgment in favor of Fitworks.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS;
 ANTHONY O. CALABRESE, JR., J., DISSENTS *Page 1