[Cite as *F.D. Johnson Co. v. JC Mechanical Heating & Cooling, L.L.C.*, 2020-Ohio-3931.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| THE F.D. JOHNSON COMPANY, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-163** |
| JC MECHANICAL HEATING AND COOLING, LLC, | : | |
| | : | |
| Defendant-Appellant. | | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 000557.

Judgment: Affirmed.

*E. Mark Young*, Roetzel & Andress, LPA, 1375 East Ninth Street, One Cleveland Center, 10th Floor, Cleveland, OH 44114 (For Plaintiff-Appellee).

*L. Bryan Carr*, Carr, Feneli & Carbone, Co., L.P.A., 1392 S.O.M. Center Road, Mayfield Heights, OH 44124 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, JC Mechanical Heating and Cooling, LLC ("JCM"), appeals from the judgment of the Lake County Court of Common Pleas, denying a motion for payment of attorney fees and other sanctions from appellee, The F.D. Johnson Company ("FD Johnson").  We affirm the judgment of the lower court.

{¶2}   The basis of the controversy between the parties can be described succinctly: JCM was a subcontractor working for FD Johnson, and the eventual lawsuit

filed by FD Johnson alleged that JCM caused FD Johnson to lose a business relationship with a third party. This allegedly occurred after FD Johnson stopped using JCM as a subcontractor. On December 14, 2017, after sending separate demand letters to multiple parties, including JCM, FD Johnson filed a petition for discovery in the Lake County Court of Common Pleas. The petition was granted, and FD Johnson attempted to conduct discovery before filing suit. Ultimately, FD Johnson filed suit against JCM on April 5, 2018, alleging intentional interference with a business relationship. The suit was consolidated with a municipal court lawsuit, and they are discussed herein as one action. Further, the original suit named JC Mechanical Heating & Cooling, Inc. as a defendant. Thereafter, a motion to substitute JC Mechanical Heating and Cooling, LLC as the proper defendant was granted, and an amended complaint was filed.

{¶3} JCM filed a motion to dismiss the complaint on June 18, 2018, which was denied on October 24, 2018. On November 8, 2018, JCM filed an answer to the complaint, and discovery commenced. On July 8, 2019, JCM filed a motion for summary judgment. The trial court did not rule on this motion. On October 1, 2019, FD Johnson filed a notice of dismissal with prejudice following a settlement conference held on September 27, 2019.

{¶4} On October 28, 2019, JCM filed a motion for attorney fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. FD Johnson responded and also filed a motion for attorney fees under Lake County Loc.R. 3.04(F) for the fees associated with responding to JCM's motion. Ultimately, the trial court denied both motions on November 25, 2019. The trial court stated, in pertinent part:

Upon consideration, the Court finds that Case No. 18CV000557 and Case No. 18CV000943 were voluntarily dismissed by the parties prior to trial. Furthermore, at the time of the dismissal, this Court had considered and prepared a Judgment Entry denying summary judgment in favor of the Defendant on the grounds that genuine issues of fact remained to be determined. The Judgment Entry was never filed because of the dismissals, but the Court takes judicial notice that the case would have gone to trial had the parties not settled. Under the circumstances, the Court finds no frivolous conduct or claims entitling Defendant to sanctions pursuant to R.C. §2323.51 or Civil Rule 11.

Conversely, the Court declines to award Plaintiff attorney fees for its expense in responding to the Defendant's motion.

{¶5} Appellant, JC Mechanical Heating and Cooling, LLC, filed a timely notice of appeal and has raised one assignment of error:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ATTORNEY FEES AND SANCTIONS PURSUANT TO CIVIL R. 11 AND R.C. 2323.51.

{¶6} As an initial point, FD Johnson argues the appeal should be dismissed because JC Mechanical Heating & Cooling, Inc. lacks standing to bring the present appeal. The court notes that JCM, the LLC, is the party that filed a timely notice of appeal. It appears that JC Mechanical Heating & Cooling, Inc. was listed as the appellant by this court, despite JCM the LLC being the actual party appealing pursuant to the notice of appeal. This clerical error likely facilitated any confusion as to the parties. That being said, we find that JCM has standing to bring the present appeal. The submitted brief, which uses "JC Mechanical Heating & Cooling, Inc." as Defendant-Appellant has simply omitted the "et al." as captioned by the trial court. As the notice of appeal identified the proper party, we do not believe the obvious inadvertent reference to JC Mechanical Heating & Cooling, Inc. in JCM's brief is fatal to the standing issue.

3

{¶7} As we have concluded that JCM the LLC has standing, we consider the merits. In its sole assignment of error, JCM argues that the trial court erred in finding there was no frivolous conduct pursuant to R.C. 2323.51 and Civ.R. 11. JCM contends that FD Johnson was aware that no evidence of intentional interference with a business relationship existed following the pre-suit discovery. JCM also contends the actual knowledge of FD Johnson's owner, Brian Robson, proves that his actions caused the business relationship to end rather than the actions of JCM. FD Johnson argues that the matter survived multiple challenges during its pendency. This included two motions to dismiss, a motion to lift a stay following bankruptcy, and JCM's motion for summary judgment, which the trial court indicated it would not have granted. FD Johnson also points to a variety of evidence in the record that supports a finding that JCM intentionally interfered with a business relationship.

{¶8} When evaluating a claim of frivolous conduct under R.C. 2323.51, the court must consider whether there is a factual or a legal issue. To the extent that the issue is a factual determination, "e.g. whether a party engages in conduct to harass or maliciously injure another party," we accord "substantial deference" to the trial court's findings of fact and review them under an abuse of discretion standard. All legal questions are reviewed de novo. *Curtis v. Hard Knox Energy, Inc.*, 11th Dist. Lake No. 2005-L-023, 2005-Ohio-6421, ¶15. The same standard applies to Civ.R. 11 cases. *Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 & 2012-L-016, 2013-Ohio-60, ¶57. "The ultimate decision whether to impose sanctions for frivolous conduct, however, remains wholly within the trial court's discretion." *Curtis*,

*supra*, at ¶15, citing *Edwards v. Livingstone*, 11th Dist. Ashtabula Nos. 2001-A-0082 & 2002-A-0060, 2003-Ohio-4099, ¶17.

{¶9} R.C. 2323.51(B)(1) provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action * * *." Frivolous conduct includes conduct by a party that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C. 2323.51(A)(2)(a)(i). "'A party is not frivolous merely because a claim is not well-grounded.'" *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, ¶29 (1st Dist.), quoting *Hickman v. Murray*, 2d Dist. Montgomery No. CA 15030, 1996 WL 125916, *5 (Mar. 22, 1996). "'[T]he test * * * is whether no reasonable lawyer would have brought the action in light of existing law.'" *State Farm Ins. Cos. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405, ¶30, quoting *Riston*, *supra*, at ¶30.

{¶10} Civ.R. 11 provides that an attorney's signature on a pleading, motion, or document constitutes a certificate that the attorney has "read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." In determining whether there is a violation of Civ.R. 11, the courts apply a "subjective bad-faith standard," which is met when a violation is found to be "willful." *Fast Property*, *supra*, at ¶53. In contrast, R.C. 2323.51 does not require a showing of willfulness. *Chapman v. Chapman*, 11th Dist. Lake No. 2015-L-039, 2015-Ohio-4833, ¶48.

5

{¶11} Here, the trial court found sanctions were not warranted under either R.C. 2323.51 or Civ.R. 11. The trial court noted that the cases were voluntarily dismissed by the parties and took judicial notice of the undocketed denial of summary judgment, which was prepared before the dismissal. We view reference to that as the trial court simply emphasizing its assessment that, not only did the trial court not feel the action was frivolous, but that there was a genuine issue of fact to be resolved at trial.

{¶12} The trial court noted the extensive evidence, deposition testimony, and extrinsic circumstances presented in opposition to the motion for summary judgment. Also, before filing suit, FD Johnson went to extensive lengths to secure evidence supporting its claim through a petition for discovery. Therefore, the trial court did not abuse its discretion in concluding sanctions were not warranted under either R.C. 2323.51 or Civ.R. 11, as the suit was neither objectively nor subjectively frivolous when considering the record.

{¶13} JCM's sole assignment of error is without merit.

{¶14} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

6