[Cite as *W.A.F.P., Inc. v. Sky Fuel, Inc.*, 2024-Ohio-3297.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

W.A.F.P., INC.,                          :

    Plaintiff-Appellee,              :

                                     No. 113232

    v.                               :

SKY FUEL INC., ET AL.,                   :

    Defendants-Appellants.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** August 29, 2024

---

Civil Appeal from the Bedford Municipal Court
Case No. 23 CVF 01139

---

### *Appearances:*

Kats Law LLC, Sergey K. Kats, and Brian P. Scherf, *for appellee*.

Shapero & Green LLC, Brian Green, and Sean Burke, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Sky Fuel Inc., et al. ("Sky"), appeals from the Bedford Municipal Court's journal entry vacating a previous dismissal, reinstating the case on the active docket, and rendering default judgment against Sky. After reviewing the facts of the

case and pertinent law, we affirm the lower court's judgment and remand the case for consideration of Sky's motion to vacate judgment.

## I.    Facts and Procedural History

{¶ 2}  On March 10, 2023, W.A.F.P., Inc., ("WAFP") filed a complaint against Sky alleging violations of R.C. 1303.54(B) and 2309.61.  The gist of WAFP's claims is that Sky "wrote [a] check on an account in which it stopped payment without a legitimate reason or a legal reason."  The court issued a "Notice of Perfected Service" on March 27, 2023, stating that service was perfected on Sky, the "answer date" was April 18, 2023, and the court "will consider application for default judgment no later than 60 days from answer date."  On June 22, 2023, WAFP filed a "Praecipe for Service" and requested that the court reissue the complaint and summons to Sky.  The court reissued the complaint and summons to Sky on June 26, 2023, stating that Sky must "[a]nswer on or before 7/24/2023" and the court "will consider application for [d]efault [j]udgment if filed no later than 60 days from the answer date . . . ."

{¶ 3}  The court issued a journal entry on July 11, 2023, entitled "Ten Day Dismissal Warning," which stated, "Pursuant to this [c]ourt's previously issued answer date, ten (10) days from the date of today's notice, this matter will be dismissed for want of prosecution pursuant to the local rule, unless good cause is shown to the contrary."

{¶ 4}  On August 8, 2023, the court issued a sua sponte journal entry dismissing the case without prejudice for want of prosecution.  Specifically, the

journal entry states in pertinent part as follows: "This matter came on for review on August 4, 2023. A review of this matter shows that service has been perfected on . . . Sky . . . and no answer or motion for default was filed."

{¶ 5} Also on August 8, 2023, WAFP filed a motion for default judgment. On August 16, 2023, the court sua sponte issued a journal entry vacating its August 8, 2023 dismissal, reinstating this case to the active docket, and rendering default judgment against Sky and in favor of WAFP in the amount of $15,000 plus costs.

{¶ 6} On September 5, 2023, Sky filed a motion to vacate judgment and a motion to stay execution of judgment. On September 14, 2023, Sky filed a notice of appeal concerning the court's August 16, 2023 journal entry, raising one assignment of error for our review.

> The trial court committed prejudicial error in granting default judgment against [Sky] after the case had previously been dismissed.

## II. Law and Analysis

### A. Civ.R. 41(B)(1) Dismissal

{¶ 7} Pursuant to Civ.R. 41(B)(1), "Where the plaintiff fails to prosecute, . . . the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 8} In the case at hand, although the trial court did not cite Civ.R. 41(B)(1) when dismissing this action, we find that the court's authority to issue the sua sponte dismissal stems from this rule. We further find that the court complied with this rule by issuing a warning or notice to WAFP's counsel that dismissal was looming.

{¶ 9} Ohio courts have held that "a dismissal without prejudice under Civ.R. 41(B)(1) for failure to prosecute is not a dismissal on the merits." *Gochenour v. Norcia*, 2005-Ohio-5026, ¶ 17 (6th Dist.). "Rather, such a dismissal without prejudice relieves a court of all jurisdiction over the matter, and the action is treated as though it was never commenced." *Id. See also De Ville Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272 (1959) ("A dismissal without prejudice leaves the parties as if no action had been brought at all.").

## B. Sua Sponte Vacating the Dismissal

{¶ 10} Final judgments notwithstanding, trial courts retain the "inherent power" to manage their docket. For example, Civ.R. 60(A) allows the court to correct "clerical mistakes" or "errors . . . arising from oversight or omission . . . at any time" either by motion or sua sponte. Additionally, in *Logsdon v. Nichols*, 72 Ohio St.3d 124, 126 (1995), the Ohio Supreme Court held that "there is authority that court action subsequent to dismissal may fall within the court's continuing jurisdiction."

> The present case involves a dismissal under Civ.R. 41(A)(2). Given the need for trial court action in order to effect the dismissal under Civ.R. 41(A)(2), the opposing party to the action is entitled to be heard on the motion. Failure to afford that opportunity can be reversible error. . . . Plaintiffs presented their "Dismissal Without Prejudice" to the trial court ex parte; the trial court granted it ex parte. Apparently recognizing the error in so doing, the trial court, on its own, corrected that which would have been subject to reversal on appeal. To accept plaintiffs' contentions would mean that the trial court was without jurisdiction, upon discerning reversible error in the proceedings, to correct the error; that instead it had to allow the matter to be appealed, reversed, and remanded to accomplish that which the trial court perceives is necessary.

. . . Thus, the trial court retains, at least in some instances, the jurisdiction to deal with a dismissal entry improperly filed. Given the trial court's reason for vacating the "Dismissal Without Prejudice," as well as the fact that the dismissal occurred not by plaintiffs' action under Civ.R. 41(A)(1), but the court's action under Civ.R. 41(A)(2), the trial court retained the jurisdiction to sua sponte vacate its erroneously entered dismissal.

*Logsdon* at 127. *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990) (holding that "petitioner's voluntary dismissal did not divest the District Court of jurisdiction to consider respondent's Rule 11 motion" for sanctions).

{¶ 11} In *Horman v. Ververka*, 30 Ohio St.3d 41 (1987), the lower court dismissed the case for want of prosecution, subsequently granted a motion to vacate the dismissal, and reinstated the case on its docket. The Ohio Supreme Court found that "the trial judge did not intend his dismissal . . . to be with prejudice. The trial judge had not, as required by Civ.R. 41(B), given notice to plaintiffs' counsel prior to issuing that order." *Id.* at ¶ 42. The *Horman* Court held that "the order . . . vacating the dismissal and reinstating the case to the trial court's docket remains within the trial court's inherent power . . . ." *Id.* at ¶ 42-43.

{¶ 12} Applying Ohio law to the case at hand, we find that it was within the court's inherent authority to sua sponte vacate its own dismissal without prejudice and reinstate the case onto the active docket. We turn to whether the court abused its discretion by granting default judgment on the same day and in the same journal entry as it vacated the dismissal and reinstated the case to the active docket.

## C. Civ.R. 55 Motion for Default Judgment

{¶ 13} We review a trial court's ruling on a motion for default judgment pursuant to Civ.R. 55 for an abuse of discretion. *Fitworks Holding, L.L.C., v. Sciranko*, 2008-Ohio-4861, ¶ 4. An abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). The Ohio Supreme Court recently explained that an abuse of discretion "involves more than a difference of opinion." *State v. Weaver*, 2022-Ohio-4371, ¶ 24. That is, a trial court's judgment that is "profoundly and wholly violative of fact and reason" constitutes an abuse of discretion. *Id.*

{¶ 14} Pursuant to Civ.R. 55(A), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to judgment by default shall apply in writing or orally to the court . . . ." Furthermore, "[i]f the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." *Id.*

{¶ 15} The Ohio Supreme Court has interpreted Civ.R. 55(A) to mean that if a defendant "did not enter an appearance in the [c]ourt, after having been personally served with summons and a copy of the petition, they were not entitled to notice of the default proceedings. Civ.R. 55(A)." *Sexton v. Sugar Creek Packing Co.,* 37 Ohio

St.2d 58, 59 (1974). *See also Jenkins v. Clark*, 7 Ohio App.3d 93, 95 (2d Dist. 1982) ("Where a party has not made an 'appearance' in an action he is not entitled to notice of the default proceedings.").

{¶ 16} The case at hand has an unorthodox procedural posture, in that the court, acting sua sponte, vacated its own dismissal and reinstated the case to the active docket, and then granted WAFP's default judgment motion all in one sweep. When the court issued this journal entry granting default judgment, Sky had not made an appearance in this case. Indeed, Sky did not make an appearance in this case until September 5, 2023, which is after default judgment had been granted, when it filed a motion to vacate judgment and a motion to stay execution of judgment. Under Civ.R. 55(A) and *Sexton*, because Sky had not made an appearance in the case, it was not entitled to the seven-day notice requirement before the court could rule on the default judgment motion. Accordingly, we find that the court acted within its discretion when it granted WAFP's default judgment motion, and Sky's sole assignment of error is overruled.

{¶ 17} We are aware, however, of the pending motion to vacate judgment pursuant to Civ.R. 60(B) that Sky filed in the lower court. On remand, the court is instructed to consider and rule on Sky's Civ.R. 60(B) motion to vacate judgment.

{¶ 18} Judgment affirmed and case remanded for consideration of Sky's Civ.R. 60(B) motion to vacate judgment.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR