[Cite as *Grimm v. Caesar's Holdings, Inc.*, 2025-Ohio-3282.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CHAD GRIMM, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114631 |
| v. | : | |
| CAESARS HOLDINGS, INC., ET AL., | : | |
| Defendants-Appellees. | : | |
| [Appeal by Brian Donovan, Defendant-Appellant] | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 11, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-991993

### *Appearances:*

L. Bryan Carr, *for appellant.*

The Robenalt Law Firm, Inc., Thomas D. Robenalt, and
Abigail G. Porter, *for appellee Chad Grimm.*

LISA B. FORBES, J.:

{¶ 1} Appellant Brian Donovan ("Donovan") appeals from the judgment of the Cuyahoga County Court of Common Pleas denying his motion for attorney fees and sanctions against appellee Chad Grimm ("Grimm") and Grimm's counsel.

Donovan claimed that the underlying civil lawsuit filed against him by Grimm was frivolous and without merit. The trial court denied the motion without holding a hearing. For the reasons that follow, we affirm the trial court's decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 29, 2024, Grimm filed an action against Donovan, Robert Mastroianni ("Mastroianni"), and several corporate entities associated with Cleveland's JACK Casino ("the corporate defendants"). In the complaint, Grimm alleged that on January 29, 2023, after exiting the casino, he was physically assaulted by Donovan and Mastroianni. He asserted claims of assault, battery, and intentional infliction of emotional distress against Donovan and Mastroianni and negligence and negligent security against the corporate defendants.

{¶ 3} On February 28, 2024, counsel for Donovan emailed Grimm's attorney requesting that Donovan be dismissed from the lawsuit. The email stated that it was Mastroianni, not Donovan, who assaulted Grimm and that Grimm knew this both at the time of the incident and when the lawsuit was filed. Grimm's attorney responded that he would discuss the email with Grimm.

{¶ 4} The following day, Donovan filed his answer along with a cross-claim against his codefendant, Mastroianni. The cross-claim alleged that Mastroianni was solely responsible for the assault and should, therefore, be held liable to indemnify Donovan in the event a judgment is entered against him.

{¶ 5} Litigation proceeded. On August 9, 2024, Donovan served Grimm with requests for admission. Grimm failed to respond within the required 28-day

period. Accordingly, on September 9, 2024, Donovan filed a notice informing the court that the requests were deemed admitted under Ohio law. Three days later, Grimm voluntarily dismissed the lawsuit without prejudice pursuant to Civ.R. 41(A).

{¶ 6} Following the dismissal, Donovan filed a motion seeking attorney fees and other expenses under R.C. 2323.51 and Civ.R. 11 against Grimm and his attorney. In the motion, Donovan argued that the complaint was frivolous because Grimm knew, at the time of the incident and at the time of filing the complaint, that Donovan had not assaulted him. Grimm, through his attorney, opposed the motion. The trial court denied the motion without holding a hearing.

{¶ 7} On appeal, Donovan raises the following single assignment of error: "The trial court erred in denying the appellant's motion for attorney fees and sanctions pursuant to R.C. 2323.51 and Civil Rule 11."

## II. LAW AND ANALYSIS

{¶ 8} Although Civ.R. 11 and R.C. 2323.51 each provide a means by which an aggrieved party may recover attorney fees and other expenses as a result of a party's frivolous conduct, they differ in their standards of proof and application. *See Internatl. Union of Operating Engineers, Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 2017-Ohio-1055, ¶ 9 (8th Dist.).

**A. Legal Standard Under Civ.R. 11**

{¶ 9} Civ.R. 11 applies to both attorneys and pro se litigants and concerns the signing of pleadings, motions, and other documents. It provides, in relevant part:

> The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. . . . For a willful violation of this rule, an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

(Emphasis in original.)

{¶ 10} When evaluating a motion for sanctions under Civ.R. 11, a court must assess "'whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay.'" *See id.* at ¶ 13, quoting *Ceol v. Zion Indus., Inc.,* 81 Ohio App.3d 286, 290 (9th Dist. 1992). If any of these requirements are not satisfied, the court must then determine whether the failure was "willful" rather than merely "negligent." *See id.* The use of the term "willful" as a prerequisite for imposing sanctions under Civ.R. 11 indicates that courts are to apply a subjective bad-faith standard in their analysis. *See id.*; *see also State ex rel. Dreamer v. Mason*, 2007-Ohio-4789, ¶ 19 ("Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation [] be willful."). The Ohio Supreme Court has described "bad faith" as

a general and somewhat indefinite term. It has no constricted meaning. It cannot be defined with exactness. It is not simply bad judgment. It is not merely negligence. It imports a dishonest purpose or some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will. It partakes of the nature of fraud. . . . It means with actual intent to mislead or deceive another.

(Cleaned up.) *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 2010-Ohio-5073, ¶ 8. "Under Civ.R. 11, a court can impose sanctions only when the attorney or pro se litigant acts willfully and in bad faith by filing a pleading that he or she believes lacks good grounds or is filed merely for the purpose of delay." *Id.*

{¶ 11} The standard of review on appeal from the grant or denial of a motion for sanctions under Civ.R. 11 is an abuse of discretion. *Id.* at ¶ 9. This means that a reviewing court may not merely substitute its judgment for that of the trial court. *Id.* Where some competent, credible evidence exists to support the trial court's judgment, no abuse of discretion has occurred. *Id.*

**B. Legal Standard Under R.C. 2323.51**

{¶ 12} R.C. 2323.51(B)(1) authorizes a court to award court costs, reasonable attorney fees, and other reasonable expenses incurred to a party adversely affected by "frivolous conduct" in a civil action or on appeal. R.C. 2323.51 applies to both attorneys and their clients. *See* R.C. 2323.51(A)(2)(a). Pursuant to the statute, "frivolous conduct" means conduct that satisfies any of the following:[1]

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose,

---

[1] Among other things, the statute defines "conduct" as the "the filing of a civil action." R.C. 2323.51(A)(1)(a).

including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

*See* R.C. 2323.51(A)(2)(a)(i)-(iv).

{¶ 13} To constitute "frivolous conduct," the conduct at issue must be *egregious* in nature. *See State ex rel. DiFranco v. S. Euclid*, 2015-Ohio-4915, ¶ 15. "Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *Id.*, citing *Ohio Power Co. v. Ogle*, 2013-Ohio-1745, ¶ 29-30 (4th Dist.).

{¶ 14} Importantly, unlike Civ.R. 11, which requires the court to look at the subjective willfulness of the attorney or pro se litigant's violation of the rule, "'R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed for frivolous conduct.'" *State ex rel. Striker v. Cline*, 2011-Ohio-5350, ¶ 21, quoting *Stafford v. Columbus Bonding Ctr.*, 2008-Ohio-3948, ¶ 8 (10th Dist.).

{¶ 15} The standard of review on appeal from the denial or grant of a motion for sanctions under R.C. 2323.51 depends on the frivolous conduct alleged and the trial court's findings.  As the Tenth District Court of Appeals has explained:

> No single standard of review applies in R.C. 2323.51 cases.  *Judd v. Meszaros*, 2011-Ohio-4983, ¶ 18 (10th Dist.), citing *Wiltberger v. Davis,* 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist. 1996). Indeed, the controlling standard of review hinges on whether the trial court's determination resulted from factual findings or a legal analysis. *Bell v. Nichols*, 2013-Ohio-2559, ¶ 18 (10th Dist.). R.C. 2323.51(A)(2)(a)(i), (iii), and (iv) require the trial court to make factual determinations.  Our review of these factual determinations is subject to deference and will not be disturbed where the record contains competent, credible evidence to support the trial court's findings.  *Brisco v. U.S. Restoration & Remodeling, Inc.*, 2015-Ohio-3567, ¶ 35 (10th Dist.), citing *Judd* at ¶ 18.  By contrast, a determination under R.C. 2323.51(A)(2)(a)(ii) that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis and is, therefore, subject to de novo review.  *Brisco* at ¶ 35, citing *Judd* at ¶ 19, and *Stuller v. Price*, 2003-Ohio-6826, ¶ 14 (10th Dist.).  Finally, where a trial court finds frivolous conduct, the decision whether to assess a penalty lies within the sound discretion of the trial court.  *Judd* at ¶ 19

*Friedman v. Bexley Pub. Library*, 2025-Ohio-1799, ¶ 35 (10th Dist.).  Even where frivolous conduct is found to exist, a trial court has discretion to deny sanctions. *Internatl. Union of Operating Engineers, Local 18*, 2017-Ohio-1055, at ¶ 10 (8th Dist.).  An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Abdullah v. Johnson*, 2021-Ohio-3304, ¶ 35.  An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"  *W.A.F.P., Inc. v.*

*Sky Fuel Inc.*, 2024-Ohio-3297, ¶ 13 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### C. Hearing on a Motion for Sanctions

{¶ 16} "Neither Civ.R. 11 nor R.C. 2323.51 require a trial court to conduct a hearing before denying a motion for sanctions when the court determines, upon consideration of the motion and in its discretion, that [the motion] lacks merit." (Cleaned up.) *Internatl. Union of Operating Engineers, Local 18* at ¶ 18. "'[W]here the court has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant,' a hearing is unnecessary." *Id.*, quoting *Pisani v. Pisani*, 101 Ohio App.3d 83, 88 (8th Dist. 1995).

### D. Discussion

{¶ 17} On appeal, Donovan argues that the trial court erred in denying his motion for sanctions under Civ.R. 11 and R.C. 2323.51 without first holding a hearing. We overrule the assignment of error and affirm the trial court's decision.

{¶ 18} In his motion, Donovan did not clearly distinguish between what, if any, argument for sanctions he was making under Civ.R. 11 and what, if any, argument for sanctions he was making under R.C. 2323.51. Rather, Donovan broadly, and without much detail, asserted that Grimm's claims against him were "frivolous" and "without merit" because Grimm and his attorney knew at the time of filing the lawsuit — based on available video evidence — that he had not assaulted

Grimm. Donovan additionally asserted that the "filing [was] meant only to harass and intimidate [him] into paying money."

{¶ 19} In response, Grimm, through his attorney, explained that further discovery was necessary to determine the viability of his claims. Specifically, Grimm cited an outstanding surveillance video requested from JACK Casino, which captured Grimm, Donovan, and Mastroianni interacting with each other inside the casino shortly before the physical altercation occurred off-premises. Grimm, through his attorney, explained that this video was not produced by JACK Casino until July 24, 2024, less than two months before Grimm voluntarily dismissed the lawsuit. Grimm, through his attorney, stated that they needed this additional video evidence to fully evaluate the claims asserted against Donovan, including the claim of intentional infliction of emotional distress. After reviewing the additional video evidence, Grimm determined that dismissal was appropriate.

{¶ 20} Under Civ.R. 11, sanctions may only be imposed where an attorney or pro se litigant "act[s] willfully and in bad faith by filing a pleading that he or she believes lacks good grounds or is filed merely for the purpose of delay." *State ex rel. Bardwell,* 2010-Ohio-5073, at ¶ 8. There is no willful violation of the rule where an attorney or pro se litigant continues a lawsuit long enough to receive discovery needed to assess the continuing viability of a claim. *See F.D. Johnson Co. v. JC Mechanical Heating & Cooling, L.L.C.,* 2020-Ohio-3931, ¶ 7 (11th Dist.). Here, after review of material provided during discovery, Grimm, through his counsel, dismissed the claims against Donovan. As such, we find that the trial court did not

abuse its discretion in denying Donovan's motion for sanctions under Civ.R. 11 without first holding a hearing because the record does not support a finding of bad faith.

{¶ 21} Likewise, we find no abuse of discretion in the trial court's denial of sanctions under R.C. 2323.51. Donovan did not specify in his motion which aspect or aspects of R.C. 2323.51(A)(2)(a)(i)-(iv) that Grimm and his attorney allegedly violated. However, because Donovan alleged that the lawsuit was intended to harass and that Grimm lacked evidence to support his claims, we consider subsections (i), (iii) and (iv), with the understanding that the trial court had a duty to consider the allegations under an "objective standard," and that the conduct be *egregious* before sanctions could issue. *State ex rel. DiFranco.*, 2015-Ohio-4915, at ¶ 15 ("Frivolous conduct, as contemplated by R.C. 2323.51(A)(2)(a), is judged under an objective, rather than a subjective standard, *Striker* at ¶ 21, and must involve egregious conduct.").

{¶ 22} Under R.C. 2323.51(A)(2)(a)(i), conduct is frivolous if it "obviously serves merely to harass or maliciously injure another party." The trial court was not faced with such a clear-cut scenario. In his opposition to the motion, Grimm, through his attorney, explained that it was known to him and his attorney that Donovan had been criminally charged with assault in connection with the incident giving rise to the civil suit. They knew that he had pleaded guilty to obstruction of justice in exchange for the dismissal of the assault charge. Although video evidence of the assault available to Grimm and his attorney at the time of filing did not show

Donovan committing the assault, the interaction that precipitated that altercation began inside the casino. After receiving and reviewing the relevant casino footage during discovery, Grimm voluntarily dismissed the case. On these facts, we cannot say that the trial court was confronted with a situation where it would have been "obvious" that the lawsuit was filed simply to harass and injure Donovan.

{¶ 23} R.C. 2323.51(A)(2)(a)(iii) and (iv) are similar in that they focus on whether factual assertions lack evidentiary support. R.C. 2323.51(A)(2)(a)(iii) states that conduct is frivolous if it consists of allegations or other factual contentions that have no evidentiary support, or are not likely to have evidentiary support after a reasonable opportunity to investigate. R.C. 2323.51(A)(2)(a)(iv) states that conduct is frivolous if it consists of denials or factual assertions not warranted by the evidence, or not reasonably based on a lack of information or belief. Grimm, through his attorney, explained to the trial court that the additional video evidence from inside the casino was needed to determine whether to continue prosecuting the civil claims against Donovan. Given that the video was produced only a short time before dismissal, we find no abuse of discretion in the trial court's denial of sanctions. Grimm was entitled to reasonable time to review the new video evidence and decide whether to continue the action.

### III. CONCLUSION

{¶ 24} For the reasons stated above, we hold that the trial court acted within its discretion in denying sanctions under both Civ.R. 11 and R.C. 2323.51. We

overrule the appellant's single assignment of error and affirm the trial court's decision.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR